Our fifth case for today is United States v. Stoller, take a minute to get up. Mr. Kiss I represent Mr. Stoller who is the appellant in this matter and the relief that Mr. Stoller is seeking is two things. He was convicted of bankruptcy fraud in that he allegedly filed an incorrect form with the bankruptcy court. He was found, he pled guilty. He was sentenced to two years. He served that time and he is asking that the court expunge that conviction and also that the judge who sentenced him, which was Judge Kendall, clarify something that she put in his order, excuse me, in her order, and that he was told that he was not allowed to possess a firearm or a destructive device. So he is paranoid and I think maybe rightfully so of the government, so he goes back in to court and asks, what is a destructive device? For example, I have done archery in the past and I have bows and arrows and- Why don't you, I can understand why he wouldn't want to know, but why don't you address what the district court said about why she didn't have the authority to tell him? Well, she basically said that it's not in front of her and unless she knows specifically what he was charged with, it would just basically be speculative on her part and she couldn't possibly come up with all of the things that he would not be allowed to possess. On the other hand, a destructive device could be a computer, it could be a cell phone and if the government is out to get me, then I go back to jail. What was the source of the district court's jurisdiction to answer that question? Well, I think the jurisdiction of the district court is that he came in for clarification specifically with respect to her order. She's the one who entered it, she's the only one that could possibly know what was in her mind and she declined the case on the question of jurisdiction. But we think that there was jurisdiction in this matter because of the way that he was found guilty originally. And we, Mr. Stoller, has always maintained that the court would have jurisdiction because he was wrongfully convicted. And that is part of the other argument that he is making, is that he would like to have his record expunged and have his conviction reversed. Hello, is Mr. Stoller competent to authorize this litigation? Does he have a guardian acting on his behalf? He does not have a guardian acting on his behalf. Is he competent? Because part of the facts of the case is that he suffers from Alzheimer's and or dementia. That's correct, but there are levels of Alzheimer's and dementia, and just because you have both doesn't necessarily make you incompetent. And in this case, I think, not in this case, but specifically with respect to Mr. Stoller, I would argue that while he does have both of those conditions, he is still competent and he handles his day-to-day affairs. Mr. Stoller's conviction, and what he pled guilty to, was that he had hired a lawyer to file a bankruptcy petition, and that lawyer filled out a form and electronically signed his name, and that form was submitted, and later the bankruptcy trustee determined that that form was fraudulently completed. But he did plead guilty, correct? He did plead guilty, and part of the criminal justice system is this. Mr. Stoller, you don't have to plead guilty. We've got nine counts against you. You're found guilty. You're going to go to jail for 45 years. You plead guilty, we'll just nail you on count nine, and what he was told at the time was he wouldn't even have to go to jail, but as it turned out, he was sentenced and he did have to go to jail. Now, any rational person gets a choice of going to jail for 45 years and spending whatever money they have left in order to try to stay out, or say, okay, fine, I did this, just let me go home, is going to say, I did this and let me go home. And the fact that they did that with a gun to their head doesn't mean that that's what is right or that is what the American legal system should be up to or should stand for. And Mr. Stoller, Mr. Stoller was convicted, sorry, part of the conviction for Mr. Stoller is that there was testimony given to the grand jury and there was exculpatory testimony, which was not given to the grand jury by the prosecutors. And had it been given, we believe he would have never even been indicted. And so part of his argument is that the reason he's even seeking to have this overturned, even though he's fully served his time, is that the way the government went after him and his experience of that is that anything that he does, if he picks up a rock, it could be a dangerous weapon. And he's concerned that he is going to be facing the criminal justice system again. And he just wanted clarification, which was the basis for filing the appeal. But in addition to that, he wants his original conviction overturned. And we have laid out in our brief the conditions as to his conviction and why we want it overturned. And the government has come back and made the argument that this is all race judicata, it was already decided, we already have a decision, he spends a jail and out. It doesn't merit a second look. And we disagree with that. And our argument is that this is not, in fact, race judicata. And in order, there are exceptions to everything in the law. And one of the exceptions to the race judicata is if the conviction was wrongful. And wrongful in the sense that there was some wrongful conduct that was performed by the government that made this conviction wrong. And we're saying that that wrongful conduct was in the grand jury when there was exculpatory evidence that we believe that the grand jury had been shown, they would have decided that, in fact, Mr. Stoler was never even guilty. The other way someone could... Do you want to save rebuttal time? Yes, I do. Okay, you have 55 seconds. Okay. I'll save that for the bottom. Mr. Chapman, the government? May it please the court. My name is Timothy Chapman. I represent the United States. The district court properly dismissed the motion that the defendant filed in September of 2018. The only thing that the defendant tried to do in that motion was seek clarification of his rights under existing law. He had been convicted of this crime, and he just wanted to know whether he could possess a BB gun or a pellet gun. There was no pending proceeding. There was no imminent danger of prosecution. And so he just wanted Judge Kendall essentially to give him free legal advice as to whether he could possess a gun or not. To clarify something Mr. Kiss said, it was not to clarify the judgment against him. There was a prohibition against possessing a firearm as a term of supervised release. The defendant's supervised release was early terminated in March of 2018. At the time he filed this motion, he was not even under supervised release. So he was simply asking the court to opine on what the consequences to him might be should he pick up a BB gun or a pellet gun going forward. It was purely speculative. It was purely hypothetical. And that is exactly what the case or controversy requirement of Article III prohibits. District courts are not empowered to just render legal opinions on questions that are merely speculative or hypothetical. And that's exactly what he did here. Moreover, with regard to the host of other issues that he raises on direct appeal, there are multiple problems with that. The first being that, at least with regard to this appeal, the only issue that's properly before this court is the district court's denial of the motion about his right to own a BB gun. All the other stuff that came with it relative to this appeal is being raised for the first time. That's the first problem. So that should all be ignored. The second issue, of course, is that most all of those issues were raised on his direct appeal. I respect Mr. Kiss's opinion that the defendant would like a second bite at the apple and be allowed to use this motion he filed in front of Judge Kendall as a vehicle to essentially get a second direct appeal. But the courts have clearly said, you don't get to do that. If that were the case, every defendant would file whatever gimmicky motion they could in the district court and then use that as a vehicle to get a further appeal. And the law clearly does not permit that to occur. And like I said, most of these issues were raised already in the district court. So they've already been resolved. And so, unless the court has any further questions for me, we'll stand on our brief for the rest of the issues. Thank you, counsel. Mr. Kiss, brief rebuttal? Brief rebuttal. Contradiction of counsel's assertion that this is a gimmicky appeal. We don't believe it is. You know, my client is raising substantive issues. And he may be raised, this is probably going to be the only time that he can raise them. And they're relevant to Judge Kendall's assertion. It might be tangentially relevant, but they are relevant. And I think this is an appropriate time to raise them. And again, it goes to reversing his conviction. But even in the event that his conviction is not reversed, he's still seeking answers to he is now a convicted felon. And what is he allowed to possess or not? He is firm. Thank you, counsel. Your time has expired. The case is submitted. And we are now in recess. Thank you. Thank you. Thank you.